RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE  1   26
BY   /s/

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

PAUL WILLIAMS

versus                                    CIVIL ACTION NO. 08-0009
                                               JUDGE TOM STAGG

HOME DEPOT USA, INC.

## MEMORANDUM RULING

Before the court is a motion for summary judgment filed by the defendant, Home Depot USA, Inc. ("Home Depot"). See Record Document 14. For the reasons set forth below, Home Depot's motion for summary judgment is **GRANTED**.

## I. BACKGROUND

On November 20, 2006, Paul Williams ("Williams") went to Home Depot in Shreveport, Louisiana, to purchase kerosene. Williams contends that as he turned a corner and reached to get the kerosene, he slipped on what later was identified as a pile of fireplace sand.[1] Record Document 1 at 1; Record Document 16, Deposition of

---

[1] In his original complaint, Williams alleged that "his left foot slipped in a substance, believed to be a dry concrete mix, that was on the floor." Record Document 1. The substance was later determined to be fireplace sand, and the pile was described by Williams as "a pile about as wide as [his] hand." Record Document 16, Deposition of Williams at 110.

1

## II. LAW AND ANALYSIS

A.  **Summary Judgment Standard.**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 263 (5th Cir. 2002). If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004)(citations and quotations omitted). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005).

## B. Negligence Analysis.

Louisiana Revised Statute 9:2800.6 governs a negligence action against a merchant for damages resulting from injuries sustained in a slip and fall accident. See Kennedy v. Wal-Mart Stores, Inc., 733 So.2d 1188 (La. 4/13/99). Under paragraph A of that statute, a merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. The duty includes a reasonable effort to keep the premises free of any hazardous conditions that reasonably might give rise to damages. See id.

In slip and fall cases governed by this statute, the plaintiff's burden of proof is set forth in paragraph B, which provides as follows:

> In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or

4

> verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

La. R.S. 9:2800.6(B). With respect to the second element above, i.e., whether the defendant had actual or constructive notice of the condition that allegedly caused the plaintiff to slip and fall, the definitions section of La. R.S. 9:2800.6 regarding constructive notice provides as follows:

> "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition existed does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

La. R.S. 9:2800.6(C)(1).

The Louisiana Supreme Court has held that the phrase "such a period of time," as used in paragraph (C)(1), constitutes a temporal element that must be shown by a plaintiff in a slip and fall case. See White v. Wal-Mart Stores, Inc., 699 So.2d 1081 (La. 9/9/97). Louisiana Revised Statute 9:2800.6 does not allow for the inference of constructive notice absent some showing of this temporal element. See Kennedy, 733 So.2d at 1190-91 (citing White., 699 So.2d at 1084-85). A plaintiff must make a positive showing of the existence of the condition prior to the fall. See id. On the other hand, the merchant who is sued is not required to make a positive showing of the

absence of the existence of the condition prior to the fall. See id.

Although there is no bright line test to determine whether the condition existed for a sufficient period of time, there is imposed upon the plaintiff "a prerequisite showing of some time period." Kennedy, 733 So.2d at 1190-91. The time period need not be specific in minutes or hours. However, if a plaintiff merely shows that the condition existed, without any additional showing that it existed for "some" period of time, he has not satisfied his burden of proving constructive notice. See id.

In Kennedy, the Louisiana Supreme Court reversed the judgments of both the trial court and the Third Circuit Court of Appeal that had been in favor of the plaintiff. The Kennedy plaintiff slipped on a puddle of water that was about three or four feet from the checkout lanes in a Wal-Mart store. He argued, and the lower courts agreed, that Wal-Mart had constructive notice of the puddle because it was raining and the water was on the floor just a few feet from the customer service podium. The Louisiana Supreme Court disagreed, noting that the "plaintiff presented absolutely no evidence as to the length of time the puddle was on the floor before his accident." Kennedy, 733 So.2d at 1191. He therefore did not carry his burden under La. R.S. 9:2800.6 of proving Wal-Mart's constructive knowledge of the condition.

The plaintiff in the instant matter suffers a similar fate. Williams failed to show that Home Depot either created or had actual or constructive notice of the small area

of fireplace sand on the floor prior to his fall. As in <u>Kennedy</u> and <u>White</u>, the plaintiff in the present matter has not produced any significantly probative evidence whatsoever to satisfy the temporal element requirement of La. R.S. 9:2800.6 that the floor area where he slipped was in a condition that posed an unreasonable risk of harm for any length of time. Similarly, Williams failed to offer any evidence showing that a Home Depot employee caused the condition or had actual knowledge of its presence prior to his fall such that the condition would have been discovered if Home Depot had exercised reasonable care. To the contrary, Williams admitted in his deposition that he had no personal knowledge as to how the sand came to be on the floor or how long it had been there. <u>See</u> Record Document 16, Deposition of Williams at 116-17.

Williams attempts to meet his burden of proof by relying upon circumstantial evidence. He contends that at some time before he entered the laydown area, the open bag of sand had fallen off of the shelf or was being moved from the shelf and leaked onto the floor. Thus, he concludes that "this circumstantial evidence establishes that the fireplace sand was on the floor for some period of time before [he] entered the laydown area and slipped." Record Document 16 at 13. To support his notion of temporal proximity, Williams asserts that he "had been in the store one to two minutes before he slipped," that "[a]fter he slipped, [he] stayed on the floor for about four to five minutes," and that he was "in the store a total of about 10 minutes and never saw

7

anyone other than Beard in the area where he slipped." Id. at 14. Therefore, he reasons that the evidence establishes that the fireplace sand had "been on the floor where [he] slipped for a period of time before he slipped." Id. at 15. Williams later inexplicably concludes that he has offered "at least, 'some positive evidence . . . [as to] how long the condition existed prior to the fall.'" Id. at 16 (citation omitted). The court disagrees. Williams's attempts are not sufficient to indicate that Home Depot had any notice of the existence of the condition of the floor and the existence of the fireplace sand.

Williams also seeks to make much of the fact that Home Depot had no specific policy of how often aisles should be checked for hazardous conditions.[2] However, Louisiana Revised Statute 9:2800.6(B)(3) clearly states that in determining reasonable care, "the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care." Williams simply has not made a positive showing of the requisite temporal element. See Wilson v. Wal-Mart Stores, Inc., 125 F. App'x 566 (5th Cir. 2005).

---

[2]The depositions of Beard and Carolyn Douglas ("Douglas"), a Home Depot store manager, belie his efforts. Douglas testified in her deposition that as a manager, she "walk[ed] all the time" to inspect and ensure that no hazardous conditions were present. Record Document 16, Deposition of Douglas at 22. Douglas had walked by the laydown area approximately thirty minutes prior to the incident. Id., Deposition of Douglas at 29. Beard also testified that Home Depot had a policy of "inspect[ing] throughout the day as [] associates do their maintenance, waiting on customers." Id., Deposition of Beard at 25. Williams's attempt to impute constructive notice to Home Depot by virtue of its store policies is insufficient.

8

In sum, although Williams fell during his shopping trip at Home Depot and sustained what were no doubt painful injuries, he failed to satisfy his burden under Louisiana Revised Statute 9:2800.6.[3] He did not prove that the condition posed an unreasonable risk of harm that existed on the floor for a sufficient period of time to impute constructive knowledge of its existence to Home Depot. In the absence of significantly probative evidence on this essential element of Williams's claim, Home Depot's motion must be granted.

### III. CONCLUSION

Based on the foregoing analysis, Home Depot's motion for summary judgment is **GRANTED**. See Record Document 14. All claims by Williams are **DISMISSED WITH PREJUDICE.**

A judgment consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 26th day of January, 2009.

JUDGE TOM STAGG

---

[3] Williams repeatedly refers to the fact that store employee Beard left the area where the slip occurred without first securing it in accordance with store policy. However, this fact does nothing to help Williams in proving the temporal element of his case.

9